IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SOTO-MOLINA, JOSE FERNEY** : | CIVIL ACTION NO. 1:26-CV-295 |
| : | |
| **Petitioner** : | **(Judge Neary)** |
| : | |
| v. : | |
| : | |
| **MICHALE KUNES,** *et al.*, : | |
| : | |
| **Respondents** : | |

## ORDER

Presently before the court is Petitioner Soto-Molina, Jose Ferney's *pro se* petition (Doc. 1) for a writ of habeas corpus. At the end of the petition, Ferney requests the court issue a temporary restraining order ("TRO") preventing his transfer and prevent his re-detention. (Id. at ECF 3). As this is a *pro se* filing, the court will liberally construe the petition (Doc. 1) as also setting out a motion for a TRO. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

Injunctive relief "is an extraordinary remedy granted in limited circumstances." Issa v. Sch. Dist., 847 F.3d 121, 131 (3d Cir. 2017). This is especially the case with respect to TRO's, which may be issued without notice to the opposing party. "As the Supreme Court has observed, our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." Hope v. Warden York Cnty. Prison ("Hope II"), 972 F.3d 310, 320 (3d Cir. 2020) (cleaned up). Thus, to be eligible for a TRO, a party must—at minimum—adhere to the strict requirements of Federal Rule of Civil Procedure 65(b). See id. at 320-21.

Two of these requirements is that a party must set forth facts in an affidavit or verified complaint, as well as certify "in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1). Reviewing the petition (Doc. 1), these requirements are not met. Therefore, the court is constrained to deny the request for a TRO.

AND NOW, this 6th day of February, 2026, it is hereby ORDERED that:

1. To the extent the petition (Doc. 1) presents a motion for a TRO, that motion is DENIED.

2. This case is REFERRED to Chief Magistrate Judge Daryl F. Bloom for reassignment to a magistrate judge for full pre-trial management, including the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A)-(B).

/S/ KELI M. NEARY<br>
Keli M. Neary<br>
United States District Judge<br>
Middle District of Pennsylvania